### 18562. MADDOX v. MADDOX.

WYATT, Presiding Justice. Sallie Maddox brought suit against Samuel Guy Maddox, Jr., in Early Superior Court, seeking a total divorce and temporary and permanent alimony and attorney's fees. The Judge of the Early Superior Court was disqualified, and Judge Cleveland Rees presided. After hearing evidence for both sides, the plaintiff was awarded $200 per month and the use of the family automobile, upon which the defendant owes $486 and makes payments of $59.59 per month, as temporary alimony, and attorney's fees of $750. The final hearing on the divorce and permanent alimony has not been held. On January 18, 1954, the defendant in the divorce suit (plaintiff in error here), filed his application to revise and modify the previous decree awarding temporary alimony. On the hearing, the defendant's father, who set up the various businesses in which the petitioner had interests, testified that the petitioner's total worth was $46,238.47, which included a bank account of $5,434.94. He further testified that the son was employed by him and received a salary of $260 per month, and had received in the past a bonus of $2,500 per year, but there was no guarantee of bonuses for the future, and no bonus was due before the next term of court, and that the petitioner's bank account had diminished approximately $4,000 since the date of the award of temporary alimony. He also testified that the shares of stock owned by the petitioner in the various businesses produced no income, and that the stock was in family-held corporations and would be very hard to sell. The petitioner testified on this hearing substantially as his father in regard to his financial condition. He further testified that his minimum living expenses were approximately $140 per month. The plaintiff in the divorce action (defendant in this action to modify the temporary alimony decree), testified that she needed $200 per month and the family automobile. She was not able to itemize her expenses, but testified that she used it all. She further testified that the living expenses of herself and the petitioner when they lived together were approximately $500

per month. This figure was substantially the same as testified to by the petitioner. Upon the completion of the hearing, the judge reserved decision, and on February 15, 1954, entered an order denying the application to revise and modify the decree of temporary alimony. The exception here is to this judgment. *Held:*

1. The plaintiff in error contends, first, that the defendant in error voluntarily abandoned him and is therefore entitled to no alimony. The evidence in the record is in conflict on this question. The judge of the court below in his opinion states the facts upon which his judgment is based, and he chose to believe the contentions of the defendant in error. We cannot say that, as a matter of law, this was an abuse of discretion.

2. It is then contended that an award of $200 per month and the use of the family automobile, upon which the plaintiff in error makes payments of $59.59 per month, leaving the plaintiff in error·$1.01 per month for his living expenses, is excessive and an abuse of discretion. If the evidence were that all the plaintiff in error had was an income of $260.60 per month, an award amounting to $259.59 per month would undoubtedly be excessive. However, the evidence is undisputed that the plaintiff owns at least $40,000 worth of property, plus a bank account of at least $5,434.94, and that he has received in the past bonuses amounting to $2,500 per year. While it is true that the testimony was to the effect that there would be no bonuses between the date of this hearing and the next term of court, a more accurate view of the annual income of the defendant would be $5,627.20 rather than only $3,127.20. This would also agree more closely with the testimony of both parties that their living expenses while they were living together were approximately $500 per month. Therefore, taking into consideration the rather large amount of property owned by the plaintiff in error, the regular salary he receives, and the bonus he has received annually, we cannot say that as a matter of law it was an abuse of discretion to deny the application to revise and modify the temporary alimony decree.

*Judgment affirmed. All the Justices concur.*

Submitted April 13, 1954—Decided May 11, 1954.

*Philip Sheffield, Custer & Kirbo,* for plaintiff in error.
*P. Z. Geer, Jr.,* contra.

